IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TONY RAY RUDD                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:24-CV-68-DAS

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding his application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

The plaintiff, Tony Ray Rudd, filed his application for benefits on September 10, 2021, alleging onset of disability commencing on November 5, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on October 20, 2023. The Appeals Council denied the plaintiff's request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: diabetes mellitus, disorders of the spine, migraines, hyperlipidemia, hypertension, and other and unspecified arthropathies. The ALJ found he retained the residual functional capacity (RFC) to perform medium work, with the following additional limitations: can push/pull as much as he

can lift carry; frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, and frequently stoop, kneel, crouch, and crawl; never be exposed to hazards such as unprotected heights or moving mechanical parts; and occasional exposure to dust, odors, fumes, and pulmonary irritants. The ALJ determined the plaintiff had no past relevant work but based on VE testimony, found he could perform the jobs of food service worker and hospital housekeeper.

<u>ANALYSIS</u>

The plaintiff raises two issues on appeal. First, he claims the ALJ erred in his assessment of the medical opinions and prior administrative findings in this case. Specifically, the plaintiff contends the ALJ erred in his assessment of Dr. Timothy Callaghan's and Dr. James Littlejohn's medical opinions. The ALJ found both the consultative examiners' opinions consistent with and supported by the objective evidence and thus persuasive. Because these examinations occurred prior to the plaintiff's involvement in a motor vehicle accident in March 2023, the plaintiff contends their opinions "could not accurately portray [his] functional limitations after the accident." Notably, a CT scan of the plaintiff's cervical spine following the accident showed multilevel degenerative disc and degenerative uncovertebral joint disease, a probable broad-based central disc protrusion at C3/C4 which could potentially result in cord contouring, what may be a tiny central disc protrusion at C4/C5, and a posterior disc/osteophyte complex at C5/C6. The plaintiff argues that these findings diminish the persuasive value of Dr. Callaghan's and Dr. Littlejohn's opinions, specifically as to the extent of his functional limitations. The plaintiff makes the same arguments regarding the ALJ's assessment of Dr. Izuegbu's and Dr. James's – both state agency physicians – administrative findings which similarly predate the March 2023 motor vehicle accident and subsequent CT scan.[1]

---

[1] The plaintiff argues the ALJ erroneously analyzed Dr. Izuegbu's opinion, finding it "consistent and supported by evidence showing mild degenerative changes of cervical and lumbar spine…" when in fact March 2022 x-rays of the

While the plaintiff makes much of the effects of the 2023 motor vehicle accident and the admittedly new findings on the subsequent CT scan, the post-accident exam findings fail to support the existence of additional functional limitations. The ALJ provided a thorough discussion of the CT scan as well as subsequent examinations replete with normal findings. As recounted by the ALJ:

> [l]ess than two weeks later, the claimant returned with low back pain. However, physical examination showed the claimant's cervical spine was grossly normal with no acute changes and normal range of motion and movement. Additionally, examination of the claimant's back was negative for acute changes. When the claimant returned to his primary healthcare provider for hospital discharge follow up appointments, physical examinations continued to show full range of motion of the claimant's neck, normal motor strength in the upper and lower extremities, and intact sensory exam.

For this court to find the CT scan indicative of limitations not included in the RFC despite the well-documented and unremarkable subsequent physical examination findings would require an impermissible reweighing of the evidence. This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Here, there is more than a scintilla of the substantial evidence required to support the ALJ's RFC findings. *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)) (defining substantial evidence as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

---

plaintiff's lumbar spine showed *severe* facet arthropathy in addition to mild degenerative disc space narrowing. The court finds this error is not fatal to a finding of substantial evidence. The ALJ accurately recounted the March 2022 x-ray report in his decision and, as explained *supra*, the concurrent and subsequent physical examination findings simply do not support more restrictive functional limitations.

Next, the plaintiff argues the ALJ failed to develop the record when he did not order the requested consultative examination. The plaintiff maintains that an additional consultative examination was "necessary to make an informed decision with respect to the impairments in [his] cervical spine and functional capacities related to his impairments" after the March 2023 motor vehicle accident.

A consultative examination may be required "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the agency] to make a determination or decision on [a] claim." 20 C.F.R. § 404.1519a(b). Under Fifth Circuit precedent, the Commissioner abuses his discretion by failing to order a CE when "the record establishes that such an examination is *necessary* to enable the ALJ to make the disability decision." *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016) (quotation omitted); *see also Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). A failure to fulfill that duty, however, "is not reversible error unless the claimant is prejudiced." *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021); *see also Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). "To establish prejudice, a claimant must show that [s]he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (quotation omitted).

Despite the plaintiff's plea for "opinion evidence to assist in determining all of [his] physical restrictions after the accident occurred and the injury to his cervical spine," the record contains evidence of the *lack* of physical limitations the plaintiff experienced post-motor vehicle accident. This is not simply a case in which the ALJ did not know whether and to what extent the March 2023 motor vehicle accident and related CT findings affected the plaintiff's functional abilities. Rather, the record contains substantial evidence – on which the ALJ was entitled to rely

– evidencing the *absence* of additional functional limitations. As such, the court finds the ALJ did not abuse his discretion in failing to order a consultative examination.

Accordingly, the court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. The decision of the Commissioner is **AFFIRMED**.

**SO ORDERED**, this the 1st day of October, 2024.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**